# Bachdell's Appeal.

1. Interest on a judgment on land sold by the sheriff cannot be allowed out of the proceeds later than the day of sale.

2. An auditor reported that judgment-creditors could question the validity of a prior judgment on the ground of usury, and reduced a usurious judgment accordingly.    The court below on exceptions confirmed the report in this particular.

November 19th 1867.    Before THOMPSON, STRONG, READ and AGNEW, JJ.    WOODWARD, C. J., absent.

Appeal from the decree of the Court of Common Pleas of *Venango county*, distributing the proceeds of sale of Joseph Bachdell's estate: No. 126, to October and November Term 1867.

A number of judgments had been entered against Joseph Bachdell; amongst others, one No. 483, of April Term 1866, in favor of John P. Byers and Robert Crawford, entered July 16th 1866, for "$5460, of which $260 are attorney's commission."    This judgment was on a single bill dated July 14th 1866, payable in three years, for $5200," "and 5 per cent. commission," with warrant of attorney to confess judgment; the judgment was entered without the intervention of an attorney.    There were a number of judgments subsequent to this.

The defendant's real estate was sold on the 20th of April 1867,

[Bachdell's Appeal.]

under an execution on a judgment prior to that of Byers and Crawford. The proceeds of sale were brought into court and referred to David Sterrett, Esq., as auditor, to report distribution.

He reported:—

* * * "The reduction of the judgment of Byers and Crawford was claimed on the ground that usurious interest was contracted for, and that the amount agreed upon, for which the judgment was given, had not been all paid.

"The plaintiffs, Robert Crawford and J. P. Byers, were called to testify in reference to the consideration given for this note. Mr. Crawford says, in substance, that he discounted the note at the rate of 10 per cent.; that they (plaintiffs) were to pay $4000 for it; that the understanding was they were purchasing the note for that sum, and that he kept back on his share of the note the sum of $285.39, which Mr. Bachdell has not yet received, out of which his book account was to be deducted. * * * It was contended on the part of the plaintiffs that this was not a contract for a rate of interest exceeding the amount allowed by law, but was the purchase of a security.

"Two questions were here presented for determination:—

"1st. Can judgment-creditors question the validity of a prior judgment on the ground of usury, and if so,

"2d. What amount is legally demandable on the judgment.

"The first question is answered in the affirmative in conformity, we think, with the ruling of the Supreme Court in the case of Green v. Tyler & Co., 3 Wright 361. In regard to the second query, your auditor is of opinion that no more than the amount actually paid, with lawful interest, should be allowed. It is no difference what phraseology the parties saw fit to use, the courts will look beyond the forms in which the agreement is clothed, and regard the substance of the contract: Fitzsimmons v. Baum, 8 Wright 32. The agreement which was some days in being consummated, commenced in an attempt to borrow money, and it is difficult to conceive, that it was in reality anything but a loan on the one part, and a borrowing on the other. The ultimate effect of allowing the whole judgment, would be to secure more than the legal rate of interest for the loan of money. This would be subversive of the statute against usury, and cannot prevail. The amount to be paid for the note was $4000, but Dr. Crawford says that he kept back of his part, the sum of $285.39, out of which his account against Mr. Bachdell was to be deducted. On producing his book account, it appeared that at this time he had an account against defendant of $65. Defendant produced an order of witness, or more properly a receipt of witness, which is attached hereto, which it was admitted entitled defendant to a credit of $70, and which shows that this account had been more than paid

nearly a year before—the receipt being dated August 29th 1865. We think the plaintiff has no right to include his book account subsequently accruing, under the circumstances of the case, and find the amount paid to be $4000, less $285.39, or $3714.61."    *    *    *    *    *    *    *

To the Byers and Crawford judgment the auditor awarded as follows :—

|  |  |  |
|---|---|---|
| " To costs on No. 483, April Term 1866 | . | $2.25 |
| " Debt on same    .    .    .    . | . | 3714.61 |
| " Attorney's commission on same | . | 185.73 |
| " Interest to April 20th 1867  . | . | 170.86 |
|  |  | $4073.45. |

Byers and Crawford excepted to the report of the auditor, for reducing their claim, alleging that the transaction with Bachdell was the purchase of a security and not a loan.

The junior creditors excepted to the allowance of attorney's commission, because the words " 5 per cent. commission" did not imply it was for attorney's commission; and because the judgment was entered by the plaintiffs themselves. The court struck out the allowance of attorney's commission as awarded by the auditor, and added interest up to July 14th 1869, the day when the note became payable : with these and other unimportant corrections they confirmed the report, and decreed to Byers and Crawford $4404.18. From this decree the junior judgment-creditors appealed to the Supreme Court, and assigned for error, amongst others, the awarding " interest to July 14th 1869" on Byers and Crawford's judgment.

*J. D. Hancock*, for appellant.—The lender of money is in no case allowed to retain more than 6 per cent. as interest, except where negotiable paper is taken in the usual course of business : Act of May 28th 1858, § 2, Pamph. L. 622, Purd. 561, pl. 2; Musgrove *v.* Gibbs, 1 Dallas 217; Wycoff *v.* Longhead, 2 Id. 92.

The question of usury may be examined into under all circumstances, and under no matter what guise concealed : Fitzsimmons *v.* Baum, 8 Wright 32; Philanthropic Building Association *v.* McKnight, 11 Casey 470; Denny *v.* The West Philadelphia Savings and Building Association, 3 Wright 154; Premium Funds Association's Appeal, Id. 156; Houser *v.* Herman Building Association, 5 Id. 478; Turner *v.* Calvert, 12 S. & R. 46; Kirkpatrick *v.* Houston, 4 W. & S. 115.

The subsequent lien-creditor can contest a prior mortgage, though judgment has been entered thereon : Greene *v.* Tyler &

[Bachdell's Appeal.]

Co., 3 Wright 361.  On the question of interest, he cited Ramsay's Appeal, 4 Watts 73; Walton v. West, 4 Whart. 222.

*Plumer*, for appellees, furnished no paper-book.

The opinion of the court was delivered, November 21st 1867, by

THOMPSON, J.—The court below erred in their allowance of interest to the appellees in this case.  No more could be allowed than interest up to the day of sale.  This is the uniform practice.

If authorities were needed for this, those cited in the appellant's paper-book, Ramsey's Appeal, 4 Watts 72, and Walton v. West, 4 Whart. 222, are sufficient.  The excess of interest allowed after the sale and up to the maturity of the defendant's obligation or single bill, must be deducted, and with this exception, we think the principles of the decree are right.

We will therefore reverse the decree, and send it back to be corrected in this particular.

And now, November 21st 1867, decree of the court in awarding distribution to the judgment, Byers v. Crawford, is reversed, and the record is remitted, so that the said decree may be reformed according to the principles stated above, at the costs of the appellees.