# Allen, to use of Pepperday, Appellant, *v.* Oxnard et al.

*Liens—Distribution—Purchase money—Mortgage not recorded in sixty days—Equitable estate.*

A purchase money mortgage not recorded until more than sixty days from its execution will have no preference over mechanics' liens which have attached in the meantime, and although the liens were filed against the equitable estate.

*Interest on mechanics' lien—Distribution.*

In distributing a fund raised by sheriff's sale, interest should be allowed on a mechanics' lien to the date of the sale only, and not to the date of the distribution.

*Assignments of error—Exceptions to auditor's report.*

An assignment of error which simply states that the court erred " in overruling the exceptions of the appellant to the report of the auditor," without setting forth the exceptions, does not conform to the rules of court, and will not be considered.

Argued Oct. 11, 1892. Appeal, No. 159, Oct. T., 1892, by J. J. Pepperday, mortgage creditor, from order of C. P. Cambria Co., No. 24, June T., 1890, overruling exceptions to auditor's report, distributing proceeds of sheriff's sale of realty, Johnson Allen, use J. J. Pepperday, v. Evaline S. Oxnard et al. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Distribution of fund raised by sheriff's sale of the real estate of Evaline S. Oxnard.

From the report of the auditor, M. B. Stephens, Esq., it appeared that by deed dated Sept. 3, 1889, acknowledged Oct. 31, 1889, and recorded Dec. 11, 1889, Johnson Allen conveyed the land in question to Evaline S. Oxnard, subject to a mortgage given for the purchase money, dated Sept. 3, 1889, acknowledged Nov. 2, 1889, but not recorded until March 1, 1890. Judgment was confessed on the notes accompanying the mortgage March 5, 1890. After execution of deed, and before recording of mortgage, a house was built upon the land, and various mechanics' liens attached. The liens allowed were conceded to be in proper form. One of them claimed for work begun Oct. 28, 1889, and stated defendant's title as an equitable one. Appellant claimed that there was no evidence that the material was

necessary for the improvement of the separate estate or on the wife's credit. The evidence showed that she knew of the building contracted for by her husband, and did not object. The auditor distributed the fund to the mechanics' liens in preference to the mortgage, allowing interest on the liens to the date of distribution. Various exceptions were filed to the auditor's report, all of which were overruled by the court in an opinion by BARKER, P. J.

*Errors assigned* were (1) in not awarding sufficient of the proceeds of the sheriff's sale to satisfy the purchase money mortgage; (2) in awarding the money to the mechanics' liens; (3) in overruling the exceptions, but not quoting them; (4) in allowing interest on the liens to the day of distribution.

*David C. Harrington, John B. Head* with him, for appellant, cited Campbell and Pharo's Ap., 36 Pa. 247; Britton's Ap., 45 Pa. 172; McLaughlin v. Ihmsen, 85 Pa. 364; Kohl v. Hartung, 8 Watts, 329; Lindett's Ap., 105 Pa. 153; Selden's Ap., 74 Pa. 323; Stoltzfoos's Ap., 3 P. & W. 265.

*Henry H. Kuhn,* with him *John H. Brown, Horace R. Rose* and *S. L. Reed,* for appellees, cited Dunkel's Est., 1 Pears. 213; Parrish's Ap., 83 Pa. 125; Bratton's Ap., 8 Pa. 167; Foster's Ap., 3 Pa. 80; Parke v. Neeley, 90 Pa. 57; Watt v. Steel, 1 Pa. 388; Snyder's Ap., 91 Pa. 480.

PER CURIAM, January 3, 1893:

We find no error in distributing the money to the mechanics' liens. The mortgage in favor of J. J. Pepperday was not filed until more than sixty days from its execution, and after the mechanics' liens had attached. This answers the first and second specifications of error. The third does not conform to the rules of court and will not be considered. The fourth specification alleges that the court below erred in allowing interest on the liens to the day of distribution. This was doubtless an oversight, and would have been corrected in the court below had the attention of the learned judge been called to it. The interest should have been allowed only to time of sale.

With this modification the decree is affirmed and the appeal dismissed at the costs of the appellant.