# Assigned Estate of J. S. Wilhelm. Appeal of Isabel S. Wilhelm and Sarah H. C. Wilhelm.

*Assignment for creditors—Judgment—Collateral security—Interest.*

An assignee for creditors, who is also a creditor of the assignor, holding a note with stock as collateral security, cannot, after he has sold the stock as pledgee, retain the proceeds of the sale as collateral and claim interest upon the note to the time of final distribution of the assigned estate. He must apply the proceeds of the sale at once to the payment of his debt in relief of the other creditors.

An assignee for creditors was also a creditor of the assignor, and held a judgment which was the first lien against the assignor's real estate. The real estate was sold by the assignee under an order of court. *Held,* (1) that the assignee as a creditor was not entitled to interest on the amount of the judgment from the date of the confirmation of the sale to the date of distribution; (2) that, as the assignee was a creditor and received the proceeds of the sale for its own use, it was bound, as trustee for all of the creditors, to apply the proceeds to the discharge of its own debt at once.

Argued May 20, 1897. Appeal, No. 185, Jan. T., 1897, by Isabel S. Wilhelm et al., from order of C. P. York Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and FELL, JJ. Reversed.

Exceptions to report of R. J. Lewis, Esq., auditor.

*Errors assigned* were in dismissing exceptions to auditor's report.

*J. W. Latimer*, with him *Geo. S. Schmidt*, for appellant.—A creditor has the right to participate in the assigned estate to the full amount of his claim as it existed at the date of the assignment, without any deductions for payments, collateral or other securities subsequently obtained, subject only to the qualification that he cannot thereby obtain more than the full amount of his debt: Miller's Est., 82 Pa. 113; Graeff's App., 79 Pa. 146; Keim's App., 27 Pa. 42; Miller's App., 35 Pa. 481; Brough's Est., 71 Pa. 460.

It is not doubtful that interest on all liens ceases at the date of the confirmation of a judicial sale of the realty: Ramsey's

App., 4 Watts, 71; Carver's App., 89 Pa. 276; Tomlinson's App., 90 Pa. 224; Herbst's App., 90 Pa. 353: Burkholder's App., 94 Pa. 522; Yeatman's App., 102 Pa. 297.

Ordinarily when a judgment is held as collateral security for debt, interest must be calculated on the debt which the judgment was given to secure: Roberts v. Wheelen, 3 Dallas, 506; Munn v. McDonald, 10 Watts, 270.

He who controls the application of two funds shall not use his legal advantage to exclude the demands of the creditor who can resort to but one: Ramsey's App., 2 Watts, 228; Hastings' Case, 10 Watts, 303; Lloyd v. Galbraith, 32 Pa. 103; Robeson's App., 117 Pa. 628; Bruner's App., 7 W. & S. 269; Kendig v. Landis, 135 Pa. 612; Trustees of the U. S. Bank, 2 Pars. Select Equity Cases, 111; Buckley v. Garrett, 60 Pa. 333; Penrose v. Hart, 1 Dall. 378; Com. v. Vanderslice, 8 S. & R. 452; Spires v. Hamot, 8 W. & S. 617; 2 Greenleaf on Evidence, sec. 524.

No interest is due where, as here, a sum appropriated for the payment of a debt has actually come into the hands of the creditor: Carlisle Bank v. Barnett, 3 W. & S. 248; Yeatman's App., 102 Pa. 297; Stewart v. Stocker, 13 S. & R. 199; Patten's App., 45 Pa. 151.

As appellee's judgment was undisputed and indisputable, as no attorney was ever employed to collect it, and no demand of payment was ever made, no commissions are collectible on it, especially as they would be paid at the expense of appellants: Imler v. Imler, 94 Pa. 372; Moore's App., 110 Pa. 433; Lindley v. Ross, 137 Pa. 629; Wilson v. Ott, 173 Pa. 253.

*Henry C. Niles*, with him *George E. Neff*, for appellee.—The distribution here complained of gives to the appellants all the advantage out of the collateral security held exclusively by appellee they could possibly have, and at the same time have appellee's debt paid in full: Miller's Est., 82 Pa. 113; Graeff's App., 79 Pa. 146; Jamison's Est., 163 Pa. 143.

When a creditor receives money from any source he may reserve his election as to how he will appropriate it until called upon to report his action: Kittera's Est., 17 Pa. 416; Wagner's App., 103 Pa. 187; Ayres v. Wattson, 57 Pa. 360; Smith's App., 2 Pa. 331.

OPINION BY MR. JUSTICE FELL, July 15, 1897 :

The facts which are important in considering the question raised are briefly these: In 1893, J. S. Wilhelm made an assignment of all his property for the benefit of his creditors to the Commonwealth Guarantee Trust and Safe Deposit Company. The trust company at the time of the assignment held his promissory note payable on demand for $15,000, and as collateral security for its payment it held certain stocks and a judgment for $15,000, which was the first lien on his real estate. The company sold the stock collateral and realized from its sale June 5, 1895, the sum of $1,662.08 which was applicable to the debt secured by the note. As assignee it sold the real estate by direction of the court discharged of the lien of judgments. The sale was confirmed September 5, 1895, and the amount realized was more than sufficient to pay in full its judgment of $15,000 with interest, and the balance went in part payment of the judgments of the appellants, who were subsequent lien creditors. The company made no application of the amount received from the sale of the stocks or of the amount realized by the sale of the real estate, and before the auditor it claimed and was awarded interest in full on its note to the date of distribution, March 17, 1897.

The appellants, who are subsequent lien creditors, concede the right of the company to receive full payment of its note, but they claim that the amount realized from the sale of the stock collateral should have been credited on the note on the day of its receipt, and that the amount applicable to the payment of the collateral judgment should have been credited on the note on the day of the confirmation of the sale of the real estate, thus reducing the amount of the original claim on those dates and stopping the running of interest.

The company sold the stock held as collateral, not as assignee, but as pledgee. Its power under the terms of the pledge was to sell and to apply the proceeds to the payment of the note. This power it exercised, and it was bound to apply the proceeds at once. It could not, after converting the stock into money, hold the money as collateral and allow interest to run on the note. The power to sell was that it might pay the note, and when it sold and received the money its claim to that extent was extinguished. The real estate was sold discharged of liens

by the assignee, not under its general powers as assignee, but by virtue of an order of court granted in pursuance of the provisions of the act of February 17, 1876, for the interest of all parties, and it received and held the proceeds in trust : First, for the lien creditors in the order of the priority of their liens ; and secondly, as to any balance after the payment of liens, for the general creditors. The creditors whose liens were discharged were required to look to the fund, and interest on their claims ceased on the date of the confirmation of the sale : Carver's Appeal, 89 Pa. 276; Bank's Appeal, 96 Pa. 347. But they were entitled to their money on the confirmation of the sale and the payment to the assignee: Bank's Appeal, supra. The whole fund realized from the sale did not pass to the assignee to await the audit and the order of distribution among all the creditors. That part of it .apportionable to liens which had been discharged was demandable by the creditors entitled to it. This has been the uniform ruling as to sales under the act. In the opinion in Tomlinson's Appeal, 90 Pa. 224, it is said : " The payment of so much of the purchase money as will be sufficient to satisfy the liens divested by the sale should be required at the time of the confirmation of the sale or soon thereafter." And in Burkholder's Appeal, 94 Pa. 522, it was held that where time had been given for the payment of the instalments of purchase money the interest thereon should be divided pro rata among the lien creditors. The later act of June 10, 1881, requires the assignor to accept the receipt of a lien creditor who may become a purchaser for the amount which the record shows him entitled to receive. The money apportionable to the collateral judgment held by the trust company was received by it in 1895. It was payable to it as a lien creditor at once. There was no denial of the validity of its judgments or dispute as to the priority of its lien. It received the money for its own use, and as a trustee for all of the creditors it was required in their interest to apply it to the discharge of its debt at once. The assignments of error relating to this subject are sustained. In the computation of interest on the claim of the Commonwealth Guarantee Trust and Safe Deposit Company the amount received by it from the sale of stock held as collateral, and so much of the amount received from the sale of the real estate as was apportionable to its collateral judgment should have been cred-

ited as of the dates of their receipt, and it is now directed that this be done. The order of the court is reversed, and it is directed that distribution be made in accordance with this opinion.