## Roos et al. *v.* Fairy Silk Mills (Berks Co. Tr. Co., Appellant).

Argued January 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Earl G. Harrison*, with him *J. Wilmer Fisher*, *Richard T. Williamson* and *Harry E. Sprogell*, for appellant.

*Harry R. Matten*, with him *Charles W. Matten*, of *Matten & Matten*, for appellee.

OPINION BY MR. JUSTICE LINN, March 24, 1941:

On the distribution of the proceeds of the judicial sale of mortgaged property, the first and second mortgagees differed as to the date to which the appellant first mortgagee should receive interest, the fund not being sufficient to pay both creditors in full. The mort-

gaged property had been sold, clear of liens, in a receivership proceeding, by an order of November 10, 1934, approving an agreement of sale for a sum payable in installments beginning March, 1935, with interest at 6%. The final payment was made September 1, 1936. When the receiver's account came in, a question was whether, as the first mortgagee contended, both mortgages covered the same property or whether, as the second mortgagee contended, its mortgage covered property in addition to that described in the first mortgage. The decision on that point was reviewed in an opinion reported in 334 Pa. 305 holding with the claim of the first mortgagee. On the return of the record, the account was re-stated to accord with that decision and a decree of distribution was made awarding to the first mortgagee the principal of the mortgage and interest to September 1, 1936, the date of the final payment; the balance was awarded to the second mortgagee on account of its debt. The first mortgagee excepted and claimed interest to May 20, 1939, which, in the exception, was stated to be "the date when it [appellant] was in a position to submit . . . a decree of distribution in accordance with the opinion of the Supreme Court" filed April 17, 1939. The exception was dismissed and this appeal was taken.

The learned court below referred to the rule in cases of sheriff's sales, that interest on liens discharged thereby ceases on the day of sale: *Bachdell's Appeal,* 56 Pa. 386; *Allen v. Oxnard,* 152 Pa. 621, 25 A. 568; in cases of sales by an administrator, pursuant to order of the court, where interest stops at the return day of the order: *Ramsey's Appeal,* 4 Watts 71; in cases of sales by an assignee for creditors, in which it is held that interest on discharged liens ceases on the confirmation of the sale: *Carver's Appeal,* 89 Pa. 276; *Tomlinson's Appeal,* 90 Pa. 224; *Wilhelm's Estate,* 182 Pa. 281, 37 A. 819. The basis on which that general rule is said to rest is that when the purchase price is paid, the sheriff, or other officer receiving it, holds the fund as the bailiff

of the lien holder or holders. Adapting that rule to this case, the learned court held that, as the installment consideration with interest was not fully paid until September 1, 1936, the first mortgagee was entitled to interest until that date. The second mortgagee contended, in the court below, that no interest should be allowed after November 10, 1934, the date of approval of the contract of sale, but took no appeal from the rejection of its contention.

The argument of appellant, first mortgagee, recognizes that the rule in the classes of sales referred to above is as the learned court understood it to be, but contends that the holder of a mortgage lien is in a different class from the judgment or other creditors mentioned, and should have the benefit of a different rule. It rests this contention on the proposition that the interest on the mortgage is owing by contract. In *Watson v. McManus,* 223 Pa. 583, 72 A. 1066, dealing with the right to interest on a judgment, it was said that by section 2 of the Act of 1700, 1 Sm. L. 7, 12 PS § 782, "interest is a legal incident of every judgment: *Cochran v. Cummings,* 4 Dallas, 250; *Commonwealth v. Miller,* 8 S. & R. 452. It is as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest. 'Where the terms of an obligation comprehend interest, it is inaccurate to say interest is added by way of damages, for it is a substantive part of the debt as much as the principal is:' *Hummel v. Brown,* 24 Pa. 310." As there is no difference in the effect of the obligations, but merely in the manner in which they come into being, the first mortgagee is not entitled to interest after the date to which it was allowed, September 1, 1936. It is unnecessary to consider at length the contention that the term during which interest should be paid is affected by the delay which appellant says was caused by the second mortgagee in having the court determine in the prior litigation what property was subject to the lien of each mortgage; that, as the

contention of the second mortgagee was not sustained in that litigation, it should not now be heard to complain if appellant receives interest during that period. There was no lack of good faith in conducting that litigation; the best evidence that there was some basis for the contention of the second mortgagee appeared by the fact that his contention was adopted by the learned court below in that case.

The order of distribution is affirmed.