## Courshon v. Milesburg Inn

*David A. Flood,* of *Gettig, Flood, Lee & Martin,* for plaintiff.

*John W. Blasko,* of *McQuaide, Blasko & Brown,* for Centre County.

*Reed McCormick,* of *Dunaway, Weyandt, McCormick & Jones,* for sheriff.

CAMPBELL, *P.J.,* July 12, 1977 — The property of Milesburg Inn, Ltd. was sold at sheriff's sale on April 13, 1976. The property was encumbered by a municipal lien in the face amount of $53,853.50. On April 28, 1976, plaintiff filed exceptions to the sheriff's proposed distribution challenging the amount due on said lien. Pending the disposition of the exceptions, the sheriff, voluntarily and without court approval, deposited the amount in an interest-bearing savings account. Interest accrued thereon in the amount of $1665.78. Both plaintiff and the county of Centre claim the interest which has accrued.

We believe the County of Centre is entitled to the interest earned.

A lien creditor is entitled to interest on the amount of the debt owed up until the time of sale on the execution: Bachdell's Appeal, 56 Pa. 386 (1867); Roos et al. v. Fairy Silk Mills, 342 Pa. 81, 19A.2d 137 (1941). See also Allen v. Oxnard, 152 Pa. 621, 25 Atl. 568 (1893); Ramsey's Appeal, 4 Watts 71 (1835); Tomlinson's Appeal, 90 Pa. 224 (1879).

Plaintiff claims the earned interest pursuant to Pa. R.C.P. 3136, which reads in part as follows:

"(g) The proceeds of sale need not be paid into court by the sheriff but upon petition of the sheriff or any party in interest, the court may order the proceeds to be paid into court to await distribution

or may order the sheriff to invest the fund for distribution pending final disposition of the exceptions or an appeal therefrom.

"(h) If the sheriff receives any money for costs or in connection with a stay, adjournment or postponement of sale or otherwise, he shall account for it on returning the writ."

Centre is a county of the fifth class. In this county all fees, charges, costs, etc. are paid by the sheriff to the county and, in turn, the county pays all salaries and expenses of the sheriff's office. The sheriff is a county officer and as such is required by the county code to account for all moneys accruing to him.

When exceptions were filed to the sheriff's proposed distribution, the disposition of the funds came under the jurisdiction of the court. While there appears to be no specific statute authorizing the sheriff to make deposits on his own initiative in interest bearing accounts as, for example, prothonotaries, see Act of November 21, 1973, P.L. 337, 17 P.S. §1595, we believe the county commissioners have the right and the duty to authorize and require their investment. Had they done so the interest would inure to the benefit of the county and not the lawful owner of the fund. See In re Deposit of Public Moneys, 52 D. & C. 646 (1944).

Certainly plaintiff could not have required the sheriff, the stakeholder, to invest the funds without a petition to the court, and even if plaintiff had petitioned the court for authority to invest the funds, Pa. R.C.P. 3136 does not indicate that the income would inure to its benefit.

Since the sheriff, as a county officer, voluntarily invested the funds, we believe that the county

should receive the accrued interest and, therefore, enter the following

### ORDER

And now, July 12, 1977, plaintiff's rule to show cause is dismissed, and the sheriff is directed to pay the sum of $1665.78, the accrued interest, to the County of Centre.