621 A.2d 1230

The CHILDREN'S HOSPITAL OF PHILADELPHIA, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided March 2, 1993.

Richard L. Berkman, for petitioner.

Sallie A. Rodgers, Asst. Counsel, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The Children's Hospital of Philadelphia (Hospital) appeals from the July 16, 1991 order of the Office of Hearings and Appeals (OHA), Department of Public Welfare (DPW) which adopted the hearing officer's recommendation to deny the Hospital's appeal from a decision of DPW's Office of Medical Assistance, Bureau of Quality Assurance. Issues raised for review are whether DPW's medical assistance regulations require that written physician orders for medical services must be included in a patient's medical record where there is no dispute that such services were medically necessary; and whether DPW's actions are barred by either laches or equitable estoppel. For the following reasons, OHA's order is reversed.

The Hospital is a participant in DPW's medical assistance program. DPW initially paid the Hospital for medical services, primarily consisting of diagnostic tests, provided by the Hospital to four patients. After conducting a retrospective review, DPW determined that certain charges for the medical services should be denied. DPW issued letters to the Hospital claiming that DPW was entitled to recover payments previously made to the Hospital for the services in question. The Hospital appealed these determinations to the OHA. After a hearing on the consolidated appeals, the hearing officer issued his recommendation that the Hospital's appeal be denied, which OHA adopted on July 16, 1991. The Hospital's request for reconsideration was denied.[1]

The general standards for medical records kept pursuant to the medical assistance program are found in 55 Pa.Code § 1101.51(e), which provides in pertinent part:

> (e) *Record keeping requirements and onsite access.* Providers shall retain, for at least four years, ... medical and fiscal records that fully disclose the nature and extent of the services rendered to [medical assistance] recipients and that meet the criteria established in this section. . . .
>
> . . . .
>
> (1) *General standards for medical records.* A provider ... shall keep patient records that meet all of the following standards:
>
> (i) The record shall be legible throughout.
>
> (ii) The record shall identify the patient on each page.
>
> (iii) Entries shall be signed and dated by the responsible licensed provider. Care rendered by ancillary personnel shall be countersigned by the responsible licensed provider. Alterations of the record shall be signed and dated.
>
> (iv) The record shall contain a preliminary working diagnosis as well as a final diagnosis and the elements of a history and physical examination upon which the diagnosis is based.

---

1. This Court's scope of review is limited to a determination of whether the decision is supported by substantial evidence, is in accordance with law, and does not violate constitutional rights. *St. Christopher's Hosp. for Children v. Department of Public Welfare,* 128 Pa. Commonwealth Ct. 144, 562 A.2d 1021 (1989).

(v) Treatments as well as the treatment plan shall be entered in the record. Drugs prescribed as part of the treatment, including the quantities and dosages shall be entered in the record. If a prescription is telephoned to a pharmacist, the prescriber's record shall have a notation to this effect.

(vi) The record shall indicate the progress at each visit, change in diagnosis, change in treatment and response to treatment.

(vii) The record shall contain summaries of hospitalizations and reports of operative procedures and excised tissues.

(viii) The record shall contain the results, including interpretations of diagnostic tests and reports of consultations.

(ix) The disposition of the case shall be entered in the record.

(x) *The record shall contain documentation of the medical necessity of a rendered, ordered or prescribed service.* (Emphasis added.)

In addition, 55 Pa.Code § 1101.66 provides in relevant part:

**§ 1101.66. Payment for rendered, prescribed or ordered services.**

(a) The Department pays for compensable services or items rendered, prescribed or ordered by a practitioner or provider if the service or item is:

(1) Within the practitioner's scope of practice.

(2) Medically necessary.

(3) Not in an amount that exceeds the recipient's needs.

(4) Not ordered or prescribed solely for the recipient's convenience.

(5) Ordered with the recipient's knowledge.

(b) Prescriptions and orders shall be written. . . .

Pursuant to 55 Pa.Code § 1101.21, a procedure is medically necessary if it is a service, item, procedure, or level of care that is (1) compensable under the medical assistance program; (2) necessary to the proper treatment or management of an illness, injury, or disability; and (3) prescribed, provided, or ordered by an appropriate licensed practitioner in accordance

with accepted standards of practice. The parties admit and the hearing officer found as fact that the services were provided and that their medical necessity was not in question.

Upon review of these regulations, it is apparent that the Hospital was entitled to reimbursement for procedures which were provided and were medically necessary, as documented in the medical record, even though the written orders themselves were not made a part of the medical record. Contrary to DPW's position, there is no requirement in 55 Pa.Code §§ 1101.51 and 1101.66 that, in order for the Hospital to be reimbursed, written physician orders must be contained in the medical record or that they are required for documentation of medical necessity. There appears to be no dispute that the Hospital otherwise met the standards for medical records delineated in 55 Pa.Code § 1101.51(e).

As a general rule, DPW's interpretation of its own regulations is controlling unless it is inconsistent with the plain language of the regulations or the statute under which the regulations are promulgated. *St. Christopher's Hosp. for Children v. Department of Public Welfare*, 128 Pa. Commonwealth Ct. 144, 562 A.2d 1021 (1989). When the language of a statute or regulation is plain and unambiguous and conveys a clear meaning, there is no occasion for resorting to the rules of construction and the statute or regulation must be given its plain and unambiguous meaning. *Latella v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983). In the matter sub judice, DPW's interpretation of its regulations is not controlling because the plain language of the regulations does not provide support for that interpretation.[2]

The Hospital does not deny that 55 Pa.Code § 1101.66(b) requires that a physician's prescriptions and orders must be written. However, Section 1101.66(b) does not require that the written orders be maintained as part of the patient's

---

2. The Hospital's reliance upon principles of statutory and regulatory construction is unnecessary to its argument where, as here, the plain language of the regulations requires that the medical record document a procedure's medical necessity, but does not require, as DPW contends, the order for the procedure itself.

medical record. Indeed, DPW's representative conceded at hearing that Section 1101.66 does not say that the order must be included in the medical record, but rather that "it is interpreted and understood" that way. As stated, this interpretation contradicts the plain language of the regulations which specifically delineate the requirements for medical records and do not require that a physician's orders be incorporated as a part of the medical record.

## ORDER

AND NOW, this 2nd day of March, 1993, the order of the Office of Hearings and Appeals dated July 16, 1991 is reversed.