934 A.2d 1184

**Edward SCHAPPELL, D.C., On Behalf of Himself and All Others Similarly Situated, Appellant,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company and Geico Corporation, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2005.

Decided Nov. 20, 2007.

Daniel Caleb Levin, Esq., Arnold Levin, Esq., Philadelphia, for Edward Schappell.

Craig Lloyd Fishman, Esq., Louis M. Tarasi, Jr., Esq., Pittsburgh, for Pennsylvania Trial Lawyers Association.

Robert B. Hoffman, Esq., Harrisburg, for amicus curiae Pennsylvania Medical Society.

William James Rogers, Esq., for Motorists Mutual Insurance Company.

James T. Moughan, Esq., Philadelphia, for State Farm Automobile Insurance Company.

Michael N. Onufrak, Esq., Edward Michael Koch, Esq., Philadelphia, for Geico Corporation.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Chief Justice, CAPPY.[1]

Appellant Edward Schappell, D.C. challenges the Superior Court's determination that there is no private cause of action for interest accrued under 75 Pa.C.S. § 1716. For the following reasons, we hold that there is a private cause of action for the statutorily prescribed interest. As such, the order of the Superior Court is reversed.

Appellant is a chiropractor who treats patients injured in automobile accidents. Pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.*, he timely submitted bills for payment to the Appellee insurers, Motorist Mutual Insurance Company, State Farm Mutual Automobile Insurance Company and Geico Corporation. Appellees paid the bills outside of the thirty day window established for payment of benefits by 75 Pa.C.S. § 1716. Appellee insurers did not, however, remit the twelve percent interest prescribed by section 1716.

Appellant filed three class action complaints in the Court of Common Pleas of Dauphin County against Appellees. The complaints asserted claims of unjust enrichment and violation of the MVFRL and sought to compel the payment of interest due under 75 Pa.C.S. § 1716.

Appellees each brought motions for judgment on the pleadings, arguing that there is no private cause of action for interest alone provided by 75 Pa.C.S. § 1716 or any other section of the MVFRL. The court denied the motions, holding that the MVFRL does provide a private cause of action for interest only. The court further explained that interest owed on a provider's bill becomes part of the bill itself. *Collins v. Allstate Insurance Co.*, 426 Pa.Super. 197, 626 A.2d 1162 (1993). As such, there is clearly a cause of action for its recovery.

Following the court's holding that the MVFRL provides a cause of action for interest and denial of their preliminary objections, Appellees petitioned the Superior Court for per-

1. This case was reassigned to this author.

mission to file an interlocutory appeal pursuant to 42 Pa.C.S. § 702(b). The court granted permission and consolidated the cases for appeal.

A majority of the Superior Court reversed, holding that the MVFRL does not provide a private right of action for interest. In doing so, it dismissed Appellant's argument that 75 Pa.C.S. § 1797 provides the right of action for the interest accrued under section 1716. *Schappell v. Motorists Mut. Ins. Co.*, 868 A.2d 1, 4 (Pa.Super.2004). According to the court, section 1716 provides a right to interest for *overdue* payments of benefits, whereas section 1797 provides a right of action for *unpaid* benefits. *Schappell*, 868 A.2d at 4. Overdue bills are not necessarily unpaid bills, they may just be late. *Id.* Thus, it concluded that the provisions of section 1797 creating a cause of action for unpaid bills does not extend to section 1716 to permit actions for the interest accrued on overdue bills. By way of further analysis, the court held that section 1716 does not appear to provide a private cause of action for interest alone. The Legislature explicitly provided a cause of action for unpaid bills in section 1797, it would have done so for section 1716 too, if that had been its intent. Finally, the Superior Court found that permitting actions, particularly class actions, for the minimal amounts of interest due under section 1716 would undermine the MVFRL's goal of cost-containment. 868 A.2d at 5.

Judge Stephen McEwen filed a dissent arguing that section 1716 and section 1797 are unrelated and that the analysis of one should not color that of the other. Particularly, the dissent points out that section 1797 was primarily drafted to (1) establish the maximum permissible charges medical providers could bill for treating patients injured in motor vehicle accidents, and (2) to create an administrative system to efficiently adjudicate challenges by insurers to the reasonableness or necessity of healthcare professionals' treatments, charges, products, or accommodations provided to individuals injured in motor vehicle accidents. *Id.* at 6–7. As such, Judge McEwen argues that any right of action accruing from § 1797 must be

interpreted narrowly within the framework of the section's specific aims.

Rather than the indirect approach taken by the majority, the dissent would look directly at the language of Section 1716 itself. From this language, Judge McEwen contends, it is clear that the Legislature intended for a private cause of action to exist to vindicate the right to interest provided by the statute. Further, the dissent dismisses the contention of the majority that permitting actions for *de minimis* amounts of interest would undermine the purpose of the MVFRL. On the contrary, the dissent concludes that it would encourage compliance with the statute on behalf of the insurers.

Appellant filed a Petition for Allowance of Appeal, which this Court granted, limited to a single issue:

Whether under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*, a medical provider has a private right of action to recover interest on late-paid payments from insurance companies or are they restricted to an administrative remedy pursuant to 31 Pa.Code § 69.26?

*Schappell v. Motorists Mut. Ins. Co.*, 583 Pa. 45, 874 A.2d 1149 (2005).

■ This is a case of statutory interpretation and thus presents a pure question of law. As such, our standard of review is *de novo* and our scope of review is plenary. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Co.*, 589 Pa. 317, 908 A.2d 888, 897 (2006).

■ The limited grant asks, in addition to whether the MVFRL provides a private cause of action for interest on late payments, whether the provisions of 31 Pa.Code § 69.26 create an administrative remedy that must be exhausted before seeking a judicial remedy. This is actually a threshold question for our review of this case. If medical providers are required to exhaust administrative remedies under 31 Pa.Code § 69.26 before bringing a private cause of action for unpaid interest, Appellant has clearly failed to do so and it will thus be premature for this Court to determine whether the

MVFRL provides such a cause of action. As such, we will address the administrative remedy issue first.

In interpreting an administrative regulation, as in interpreting a statute, the plain language of the regulation is paramount. *See Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480, 482 (1980); *Children's Hospital of Philadelphia v. Department of Public Welfare,* 153 Pa.Cmwlth. 634, 621 A.2d 1230, 1232 (1993). Thus, we will begin our analysis with the language of the regulation.

The relevant provisions of the Pennsylvania Administrative Code states:

(a) Before submitting a complaint to the Department, a provider shall first attempt to resolve the complaint in writing with the affected insurer and show evidence that the attempt at resolution failed. An insurer shall respond to complaint correspondence from a provider within 30 days of receipt.

(b) In submitting an unresolved complaint to the Department, a provider shall include the following information for each insured person:

(1) The name of the insured.

(2) The name of the provider.

(3) The name of the insurer.

(c) The following documentation shall be attached:

(1) A copy of the claim filed with the insurer.

(2) A copy of the explanation of benefits paid or denied by the insurer.

(3) A copy of the provider's complaint correspondence sent to the insurer.

(4) A copy of the insurer's response to the provider's complaint.

(5) A written explanation of why the provider disagrees with the insurer's decision.

(6) The name, address and telephone number of the insurer's representative answering the provider's complaint.

(7) The name and telephone number of a contact person in the provider's office.

(d) Questions or disputes regarding whether care conforms to professional standards of performance and is medically necessary shall be resolved in accordance with the peer review provisions of Act 6 and this chapter.

(e) The submission of a complaint to the Department will not alter the provider's obligation to adhere to the 30–day time line for requesting a reconsideration of a PRO determination.

(f) This section does not limit or restrict any person with an interest in a medical claim payment from making a complaint to the Department or another governmental unit having jurisdiction over any party to a medical claim.

31 Pa.Code § 69.26.

We hold that Section 69.26 does not purport to set forth a remedy to providers, much less an exclusive one. Rather, it merely addresses the process and procedures for a health care provider to submit a complaint to the Pennsylvania Department of Insurance. There is nothing in the plain language of the regulation that even remotely suggests that it provides a means for a provider to seek interest on an overdue bill. Thus, the provisions of 31 Pa.Code. § 69.26 are not applicable to this case.

Now turning to the question of whether there is a private cause of action for accrued interest under 75 Pa.C.S. § 1716, it is necessary for this Court to construe the statutory language of the MVFRL. In doing so, we are guided by the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.* The Act mandates that a statute is to be construed, if possible, to give effect to all of its provisions. 1 Pa.C.S. § 1921(a). However, if the words of a statute are not explicit, the intention of the General Assembly may be ascertained through extrinsic considerations. Such factors may include:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be obtained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) Contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c). Further, in ascertaining the intent of the General Assembly, the Court is guided by presumptions outlined by the Act. One such presumption is that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Another states that "the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2).

With the above principles of statutory construction in mind we turn to the language of Section 1716 itself:

Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and interest thereon, a reasonable attorney fee based upon actual time expended.

75 Pa.C.S. § 1716. The statutory language does not explicitly create a cause of action for interest on untimely payments of benefits, nor does it foreclose the same. As such, the Court is

required to consider other factors in determining whether the Legislature intended to provide such a cause of action.[2]

This Court has adopted a three-prong test used to determine whether a statute provides for a private remedy where the statutory language is not explicit. Indeed, the test reflects the extraneous considerations set forth by the Statutory Construction Act for ascertaining legislative intent. *See* 1 Pa.C.S. § 1921(c)(1), (3), (4). According to the test, to determine whether a statute creates a private cause of action a court must investigate (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. *Estate of Witthoeft v. Kiskaddon*, 557 Pa. 340, 733 A.2d 623, 626 (1999) quoting *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

In applying this test to the case at bar, it is evident that a private cause of action stems from section 1716. Health care providers, such as Appellant, are exactly the group for which the statutory interest benefit was intended.

Turning to the second prong, section 1716 implicitly suggests that a private cause of action was contemplated. Imme-

---

**2.** Appellant looks, as did the Superior Court, to 75 Pa.C.S. § 1797 in analyzing whether section 1716 provides a private cause of action. Specifically, he points to the language of subsection (b)(4) which states:

Appeal to Court.-A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

75 Pa.C.S. § 1797(b)(4). Appellant contends that this section clearly affords a provider with a private cause of action for unpaid medical bills. Appellant further argues that if the insurer fails to pay interest on an overdue bill, it has failed to pay the entire bill. *Citing, Collins v. Allstate Insurance Co.*, 426 Pa.Super. 197, 626 A.2d 1162 (1993). Thus, section 1797(4) provides an explicit right of action to recover the interest. We find that it is unnecessary to look beyond section 1716 and will not, therefore, undertake an analysis of 75 Pa.C.S. § 1797.

diately after specifying that interest accrues for overdue payments, the section states: "In the event the insurer '*is found*' to have acted in an unreasonable manner in refusing to pay benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon the actual time expended." 75 Pa.C.S. § 1716 (*emphasis supplied*). The term "is found" is telling in that it raises the question "by whom?" In our view, the answer is "by a court." Therefore, this section contemplates that a remedy for nonpayment of the specified interest will be available. In the event that the court finds that the insurer's actions were unreasonable in failing to make timely payment, the attorney fees expended in seeking the interest may be awarded.

Finally, considering the third prong of the test, a private cause of action is consistent with the underlying purposes of the MVFRL. When enacted, the MVFRL superseded and incorporated many provisions of the No Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.* The legislative purpose underlying the No Fault Act was "the establishment of a statewide system of prompt and adequate payment of basic loss benefits for motor vehicle accident victims...." *Pennsylvania Assigned Claims Plan v. Insurance Commissioner of the Commonwealth of Pennsylvania,* 54 Pa.Cmwlth. 93, 420 A.2d 25, 28 (1980). This goal lives on under the MVFRL. The requirements of section 1716 bolster the legislature's objective by requiring insurers to promptly pay benefits when due or to pay the statutorily prescribed interest.

Thus, while the language of section 1716 does not explicitly set forth a private cause of action for interest, when other extrinsic factors are considered through the application of the three-prong test adopted by this Court, the intent of the General Assembly to provide a private cause of action for interest on untimely bills is revealed.

In addition, the construction of section 1716 giving a private cause of action for untimely payment of benefits is in concert

with the presumptions outlined by the Statutory Construction Act section 1922(a) and (b)-that the General Assembly does not intend a result that is impossible of execution and that it intends that all of the language of a statute is to be given effect. Affording the private cause of action is the only outcome that achieves the mandates of both these presumptions.

We hold, then, that 75 Pa.C.S. § 1716 provides a private cause of action to providers for interest accrued on untimely payment of benefits. The order of the Superior Court is reversed and this case is remanded to the Court of Common Pleas.

Former Justice NIGRO did not participate in the consideration or decision of this case.

Former Justice NEWMAN did not participate in the decision of this case.

Justice CASTILLE, SAYLOR and BAER join the opinion.

Justice EAKIN files a concurring opinion in which Justice CASTILLE joins.

Justice EAKIN, concurring.

I join the Majority Opinion. I write separately as I believe there is an alternate avenue in which Appellant could bring his private cause of action. Section 1797(b)(4) of the Motor Vehicle Financial Responsibility Law provides:

Appeal to court.—A provider of medical treatment or reha- bilitative services or merchandise or an insured may chal- lenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or mer- chandise, the reasonableness or necessity of which the in- surer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

75 Pa.C.S. § 1797(b)(4). It is well-settled in Pennsylvania interest accrued on an overdue bill becomes a part of the bill

itself. *See Roos v. Fairy Silk Mills*, 342 Pa. 81, 19 A.2d 137, 138 (1941). When a provider sends an insurer a bill for benefits and the insurer fails to pay it within 30 days as required by 75 Pa.C.S. § 1716, it becomes an overdue bill, and any accrued interest becomes a part of the bill itself. The insurer has refused to pay the full bill, and as § 1797(b)(4) authorizes an appeal before the courts to challenge an insurer's "refusal to pay," the remedy under § 1797(b)(4) is available. Therefore, I believe Appellant could bring his private cause of action under § 1797(b)(4).

Justice CASTILLE joins this concurring opinion.