**Freedom Medical Supply, Inc. v. American Independent Insurance Co.**

248

*Robert D. Greenbaum, Andrea L. Wilson* and *Robert S. Kitchenoff,* for plaintiff.

*Eric R. Brown* and *R. Bruce Morrison*, for defendant.

GLAZER, *J.*, June 6, 2014—Over the last 15 years, this trial court[1] has hosted a series of class actions brought by medical providers against various insurance companies that neglected to pay statutorily mandated interest on late reimbursement payments under the Motor Vehicle Financial Responsibility Law ("MVFRL").[2] The MVFRL applies to medical services provided to people injured in auto accidents. It requires that an insurer pay claims within 30 days after it is billed properly by a medical provider or that it pay interest on the amount it does not pay timely.[3]

One of the earlier of this court's medical provider class actions was filed in 2002, under the MVFRL, by Richard S. Glick, D.O. against Progressive Northern Insurance Company ("Progressive").[4] This court certified the class of medical providers in *Glick*[5] and made rulings as to progressive's liability for payment of interest.[6]

While *Glick* was being litigated before this court,

1. The undersigned uses the term "this court" in this opinion to encompass all the past and present judges of the civil trial division in Philadelphia County, not just the undersigned. We are part of a unified judicial system; we strive for consistency in our decision making and are ever mindful of the law of the case doctrine and other rules regarding legal precedent.

2. Similar provider class actions against late paying insurance companies have been filed with this court under the workers' compensation act.

3. 75 Pa. cons. stat. ann. § 1716 ("Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due.")

4. *Glick v. Progressive*, March Term, 2002, No. 001179.

5. Order entered October 2, 2003 (Cohen, J.)

6. Order entered April 17, 2009 (New, J.)

additional, similar, class actions were filed by plaintiff Freedom Medical Supply, Inc. ("Freedom") under the MVFRL, including the instant case against American Independent Insurance Company ("AIICo").[7] This court made rulings in the *AIICo* case consistent with its earlier rulings in *Glick*.

In 2007, while many of the medical provider class actions were still pending before this court, the Pennsylvania Supreme Court heard an appeal in a case involving a medical provider who had sued an insurance company on behalf of a class of other similarly situated medical providers.[8] In that case, the Supreme Court held "that [the MVFRL] provides a private cause of action to providers for interest accrued on untimely payment of benefits.[9]

In addition to *Glick* and the many *Freedom* cases, another medical provider class action was filed with this court under the MVFRL. It was brought against SEPTA, which is a self-insured Commonwealth agency.[10] In that case, this court certified the class of medical providers[11] and granted partial summary judgment to them on the issue of SEPTA's liability to pay them interest under the MVFRL.[12] In 2010, the Commonwealth Court, in a published opinion, affirmed that decision and held: "Upon

---

7. *Freedom v. AIICo*, February Term, 2009, No. 04484.

8. *Schappell v. Motorists Mut. Ins. Co.*, 594 Pa. 94, 934 A.2d 1184 (2007).

9. *Id.*, 594 Pa. at 105, 934 A.2d at 1190. In reaching this decision, the court reversed the order of the Superior Court and remanded the case to the Court of Common Pleas of Dauphin County.

10. *Kaplan v. SEPTA*, December Term 1999, No. 0280. On appeal, the case was renamed "*In re SEPTA MVFRL Interest Litigation.*"

11. Order entered October 27, 2000 (Levin, J.)

12. Order entered December 23, 2008 (Levin, J.)

review, we conclude that the trial court did not err in finding SEPTA liable for interest for 'overdue' medical bills consistent with Section 1716 of the MVFRL."[13]

Consistent with the Supreme Court's decision in *Schappel* and the Commonwealth Court's decision in *SEPTA*, both of which indicated that those higher courts did not find these medical provider class actions improper, this court continued to rule in favor of the medical provider classes in the actions pending before it, specifically on the issues of whether the class should be certified and whether the insurers were liable to the class for interest on late payments.

Subsequently, this court's certification and summary judgment rulings in *Glick* were appealed to the Superior Court, which in January, 2014, reversed those decisions in an unpublished opinion. The Superior Court found that the class of medical providers should not have been certified because "what will constitute 'reasonable proof [of the amount of benefits due under the MVFRL] is a question of fact answered on a case by case basis after review of relevant evidence addressing several factors, including coverage, causation, and medical necessity'.... This factual inquiry requires individualized determinations not readily suitable for class action."[14]

Neither the Commonwealth Court nor the Supreme Court in their earlier opinions was asked to look at the precise issue that was before the Superior Court in *Glick*

13. *In re Septa MVFRL Interest Litig.*, 996 A.2d 1099, 1108 (Pa. Commw. 2010).

14. *Glick v. Progressive Northern Ins. Co.*, No. 2073 EDA 2012 & No. 2145 EDA 2012 at pp. 8-9 (Super. Ct. Jan. 24, 2014).

— whether a medical provider's submission of standard HCFA-1500 or UB-92 forms is sufficient evidence of the amount of benefits due to the provider under the MVFRL that it triggers the thirty day period in which the insurer must pay the claim or pay interest if the claim is paid late. Although the Superior Court's opinion is unpublished and generally non-precedential,[15] it has certainly cast a pall over the remaining medical provider class actions pending before this court, particularly the present one. This court does not think that it is appropriate to disregard the *Glick* opinion and its reasoning in deciding this case.

The alleged facts of *Freedom v. AIICo* are virtually identical to those in the *Glick* case. Plaintiff Freedom is a medical equipment provider which on numerous occasions submitted form HCFA-1500 to AIICo detailing medical services provided to someone covered under an AIICo auto insurance policy. AIICo reimbursed Freedom for such services more than 30 days later, but AIICo neglected to pay any interest on such late payments. In some instances, AIICo failed to reimburse Freedom at all.

In 2012, this court ruled on the parties' cross-motions for summary judgment with respect to the importance of the HCFA-1500 form as follows:

1. [The MVFRL] requires that an insurer pay a medical bill within thirty days of the insurer's receipt of reasonable proof of the amount of the benefits;

---

15. "An unpublished memorandum decision shall not be relied upon or cited by a court or a party in any other action or proceeding, except... when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel." 210 Pa. Code § 65.37; *Boring v. Erie Ins. Grp.*, 434 Pa. Super. 40, 43, 641 A.2d 1189, 1191 (1994).

2. A completed HCFA- 1500 form provides reasonable proof of the amount of the benefits, triggering the insurer's payment obligations under [the MVFRL]; and

3. All payments made more than thirty days after receipt by the insurer of a completed HCFA -1500 form accrue interest at the rate of 12% per annum beginning thirty days after such receipt.[16]

This court's ruling was consistent with its prior ruling in *Glick*, that the HCFA-1500 Form constituted "reasonable proof of the amount of the benefits" due to the provider. In support of its holding in this case, this court opined as follows:

The HCFA-1500 form is a standardized Medicare form approved and preferred for use under [the MVFRL] by the governing regulatory agency, the Department of Insurance.[17] The HCFA-1500 provides the information necessary for an insurer, such as AIICo, to determine, within the thirty days allotted to it under [the MVFRL], the amount of benefits due and whether the insurer wishes to challenge the claim.

* * *

[U]pon receipt of a completed HCFA-1500 form, an insurer, such as AIICo, has the following options:

a) Pay the claim within thirty days of receipt and pay no interest;

---

16. Order entered July 3, 2012 (Glazer, J.).

17. *See* 31 Pa. Code § 69.25 ("To the extent possible, a Part B provider shall utilize Medicare procedure codes for the service rendered and shall utilize form HCFA-1500 or the form currently in use by Medicare.")

b) Deny the claim within thirty days of receipt;[18]

c) Challenge the claim by way of a [Peer Review Organization] review within thirty days of receipt and not pay the claim and interest until after the PRO decides against the insurer;[19]

d) Pay the claim more than thirty days after receipt and pay interest; or

e) Pay the claim more than thirty days after receipt, pay interest, and challenge the claim by way of a PRO review within ninety days after receipt.

After receiving a completed HCFA-1500 form documenting the claim, the insurer may-not withhold payment indefinitely while it "investigates" the claim.[20]

Earlier this year, this court certified the following Interest Class against AIICo:

All medical providers who submitted bills under the [MVFRL] to American Independent Insurance Company, who received payment for such bills more than thirty (30) days after the submission of the bills, and who were not paid interest or were paid less than

---

18. If the denial is later found to be improper, the insurer must pay the claim plus interest running from the date thirty days after the HCFA-1500 form was submitted. *See* 75 Pa. C.S. § 1716.

19. If the PRO rules against the insurer and the insurer does not appeal or ask for reconsideration, the insurer must then pay the claim plus interest running from the date thirty days after the HCFA-1500 form was submitted. *See* 75 Pa. C.S. § 1797(b)(5).

20. AIICo argues, in essence, that thirty days is far too short a time in which to investigate a claim and decide whether to pay it or not. If so, it must request relief from the Legislature, which imposed the thirty day payment deadline found in the MVFRL.

the amount of interest provided for in [the MVFRL].[21]

In doing so, this court refused to certify a second, late Payment Class against AIICo and reasoned as follow:

> AIICo argues that questions affecting individual members predominate over common questions of law or fact with respect to both classes. However, its argument has merit only with respect to the payment class. The difference is due to the fact that AIICo has numerous potential defenses to payment of claims, but it has few defenses to payment of interest once a claim has been paid late.[22]

> For example, when AIICo first receives a claim it must determine if the claim involves a covered person, injury and event. If not, then AIICo has no duty to pay it. AIICo must also determine if the PIP benefits have been exhausted with respect to such claim. If so, then AIICo's obligation to pay has ceased. A comparison of AIICo's two databases, Mitchell and Izzy, may reveal the totality of claims that were not paid, but that comparison apparently does not reveal which claims were or should be denied. Such determinations must be made on a claim by claim basis and are not amenable to class-wide resolution based on aggregated claims data.

> These issues do not exist for the interest class because

---

21. Order entered January 13, 2014 (Glazer, J.). Certification followed 4 years of contentious discovery on the issue of class certification.

22. *See Samuel-Bassett v. Kia Motors Am.. Inc.*, 613 Pa. 371, 409, 34 A.3d 1, 23 (2011) ("a class consisting of members for whom most essential elements of its cause or causes of action may be proven through simultaneous class-wide evidence is better suited for class treatment than one consisting of individuals for whom resolution of such elements does not advance the interests of the entire class.").

the claims of those class members have, by definition, already been paid by AIICo, although paid untimely. Therefore, questions as to the legitimacy of those claims have been resolved by AIICo in favor of each class member, and it does not appear that they need to be revisited here on an individual basis.

While th[is] court does not approve of any insurer's failure to act on claims submitted to it,[23] th[is] court must heed the Supreme Court's recent admonition not to certify a class based solely on sympathy for the class members or dislike of the defendant's conduct.[24] Instead, the claims certified must be amenable to class-wide proof. Freedom has shown that the claims of the interest class may be so proven, but it has failed to show that those of the payment class can be.[25]

Less than two weeks later, the Superior Court in *Glick* found that the interest class of medical providers should not have been certified in that case because "what will constitute 'reasonable proof [of the amount of benefits due under the MVFRL] is a question of fact answered on a case by case basis after review of relevant evidence addressing several factors, including coverage, causation, and medical necessity'.... This factual inquiry requires

---

23. If that is actually what AIICo has done.

24. *See Basile v. H & R Block. Inc.*, 52 A.3d 1202, 1211 (Pa. 2012) citing Allan Erbsen, From "Predominance" to "Resolvability": A New Approach to Regulating Class Actions, 58 Vand. L.Rev. 995, 1009-10 (2005) ("The practical problems with certifying class actions despite dissimilarity among claims arise from the natural human instinct to simplify the inherently complex and to create order out of what appears chaotic. . . [Aggregating distinct individual claims into a class obscures differences among class members in ways that engender substantive consequences").

25. Opinion accompanying 1/13/14 Order, pp. 5-7.

individualized determinations not readily suitable for class action."[26]

In light of the Superior Court's holding in *Glick*, which was directly contrary to this court's rulings in this case, AIICo filed a motion for reconsideration of this court's 01/13/14 certification order and 07/03/12 summary judgment order. After AIICo filed its motion for reconsideration here, the Superior Court denied progressive's motion to convert memorandum decision to published opinion.[27] Therefore, the *Glick* opinion is not binding precedent except among the parties to that action:

"An unpublished memorandum decision shall not be relied upon or cited by a court or a party in any other action or proceeding, except...when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel."[28]

AIICo makes an interesting argument for why the *Glick* opinion may be cited as precedent here. Because a class of medical providers had been certified in *Glick* and a similar class has been certified in this *AIICo* case, many of the same medical providers are necessarily parties to both actions. As such, under the principles of offensive collateral estoppel,[29] those medical providers may be

26. *Glick v. Progressive Northern Ins. Co.*, No. 2073 EDA 2012 & No. 2145 EDA 2012 at pp. 8-9 (Sup. Ct. Jan. 24, 2014).
27. A Petition for Allowance of Appeal is currently pending before the Supreme Court in *Glick*.
28. 210 Pa. Code § 65.37; *Boring v. Erie Ins. Grp.*, 434 Pa. Super. 40, 43, 641 A.2d 1189, 1191 (1994).
29. *See Safeguard Mut. Ins. Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975) ("With respect to collateral estoppel, we have recently stated that a plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party

precluded from claiming against any insurer in this or another action that the HCA-1500 constitutes "reasonable proof under the MVFRL triggering the thirty day period in which the insurer must pay the bill or pay interest on untimely payments.

The problem with AIICo's argument is that it is highly unlikely the classes in *Glick* and *AIICo* are completely identical. Therefore, some of the class members in this case may be barred from re-litigating the issue that was litigated on their behalf in *Glick*, but others, who received late payments from AIICo, but not from Progressive, would not be. If this court declined to apply *Glick* to this latter group, it would have to modify the *AIICo* class definition as follows:

> All medical providers who submitted bills under the [MVFRL] to American Independent Insurance Company, who received payment for such bills more than thirty (30) days after the submission of the bills, and who were not paid interest or were paid less than the amount of interest provided for in [the MVFRL], *except for* those medical providers who previously submitted bills under [the MVFRL] to Progressive Northern Insurance Company, and who received payment for such bills more than thirty (30) days after the submission of the bills, and who were not paid interest or were paid less than the amount of interest provided for in [the MVFRL].

---

against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.")

Such a class definition is nonsensical. Instead, this court will adopt the Superior Court's reasoning in *Glick* as its own in this case. As a result, this court reconsiders its prior decisions, vacates its 01/13/14 certification order and 07/03/12 summary judgment order, grants in part AIICo's motion for summary judgment, denies Freedom's motion for summary judgment, and denies Freedom's motion for class certification, all on the basis that what will constitute "reasonable proof of the amount of benefits" due under the MVFRL is a question of fact answered on a case by case basis after review of relevant evidence addressing several factors, including coverage, causation, and medical necessity. This factual inquiry requires individualized determinations not readily suitable for class action.

## ORDER

And now, this 6th day of June, 2014, upon consideration of defendant's motion for reconsideration of this court's orders entered January 13, 2014 and July 3, 2012, the response thereto, and all other matters of record, and in accord with the opinion issued simultaneously, it is ordered as follows.

1. The motion for reconsideration is granted;

2. The order entered July 3, 2012, in which the court granted plaintiffs' motion for partial summary judgment and denied defendant's motion for summary judgment, is vacated;

3. The order entered January 13, 2014, in which the court granted in part plaintiffs' motion to certify the class, is vacated;

4. Plaintiffs' motion for partial summary judgment is denied, defendant's motion for summary judgment is granted in part, and plaintiffs' motion to certify the class is denied because plaintiff's claims with respect to the interest class involve significant factual inquiries requiring individualized determinations not readily suitable for class action; and

5. Plaintiff Freedom Medical Supply, Inc.'s remaining individual claims in this action are transferred to this court's compulsory arbitration program.