J-A11021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KERRY ODGERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODRIGO SOLERA AND | : | No. 1687 MDA 2018 |
| PROGRESSIVE NORTHERN | : | |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered September 24, 2018
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-14-01086

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:          **FILED SEPTEMBER 06, 2019**

Appellant, Kerry Odgers, appeals from the order entered on September 24, 2018, granting the motion for declaratory judgment made by Appellee, Progressive Northern Insurance Company ("Progressive").  We affirm.

On January 18, 2013, Appellant sustained severe injuries when she was struck by a vehicle operated by Rodrigo Solera and insured by Progressive. At the time, Appellant did not own a motor vehicle, was not a named insured on any motor vehicle policy, and did not qualify as an insured under a motor vehicle policy held by anyone with whom she resided.  As such, Appellant looked to Solera's Progressive automobile insurance policy for first-party

benefits. It would be an understatement to say that Appellant's efforts have resulted in a lengthy and tortured process.[1]

To recover for her injuries and losses, Appellant filed a complaint against Solera[2] and Progressive. Appellant's complaint made a claim for first-party benefits from Progressive pursuant to 75 Pa.C.S.A. § 1713(a)(4).[3] Appellant also alleged that Progressive unreasonably refused her claim for first-party benefits and, therefore, she demanded attorney's fees and interest pursuant to 75 Pa.C.S.A § 1716.[4]

_____

[1] As the trial court noted, "[t]his case began with a motor vehicle and pedestrian accident on January 18, 2013, and has developed over time into a seemingly interminable dispute over the payment of interest and attorneys' fees pursuant to 75 Pa.C.S. § 1716." Trial Court Opinion, 9/24/2018, at 1.

[2] Solera is no longer involved in this case, as he has since passed away and there has been no substitution of a personal representative as a defendant.

[3] The statute provides, in relevant part, the following:

> (a) General rule.--Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:
>
> ...
>
> (4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident.

75 Pa.C.S.A. § 1713(a)(4).

[4] The statute provides, in relevant part, the following:

Discovery ensued and, eventually, the trial court ordered Progressive to produce its claim investigation notes, together with its claim-handling and processing manuals. Rather than produce these materials, Progressive agreed to pay first-party benefits to Appellant in addition to interest and reasonable attorney's fees.[5] The trial court then vacated its order compelling discovery. In resolving Appellant's request for attorney's fees, the trial court determined that Progressive owed reasonable attorney's fees for the period extending from March 11, 2013, when Progressive received notice of Appellant's claim for first-party benefits, until April 22, 2014, when Progressive provided coverage. The trial court also concluded that Appellant's entitlement to attorney's fees after April 22, 2014 could not be determined from the record.

The trial court summarized the succeeding procedural developments as follows.

---

Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

75 Pa.C.S.A. § 1716.

[5] After Progressive agreed to pay first-party benefits, as well as reasonable attorney's fees, Appellant filed a complaint against Progressive alleging breach of contract, bad faith, breach of fiduciary duty, negligence, and negligence *per se*. Progressive removed the case to federal court, where it was stayed pending resolution of the instant matter.

The history of this dispute is laid out in the Court's order of June 16, 2016, and its opinion and order of November 30, 2017.

In the former, the [trial c]ourt determined that [Appellant] was entitled to payment of attorneys' fees incurred between March 11, 2013, and April 22, 2014, but that, on the state of the record, it could not be determined whether [Appellant] was entitled to any attorneys' fees incurred after April 22, 2014. In the latter, after Progressive had agreed to pay an additional $1,435.00 for 4.1 hours of legal work after April 22, 2014, relating to interest on a wage loss check, reimbursement and interest to [the Department of Public Welfare] and interest on Family Medical Leave Act (FMLA)[1] paperwork, the dispute focused on attorneys' fees associated with a letter on November 3, 2015, by which [Appellant]'s counsel sought to confirm insurance coverage for an additional surgery on [Appellant]'s foot, without which [Appellant] was unable to even schedule a medical appointment at the Rothman Institute. The Court's order provided

> 3. Upon proof that confirmation of insurance coverage was a prerequisite for scheduling an appointment for medical treatment, [Progressive] is to pay reasonable attorneys' fees for the November 3, 2015, confirmation of medical coverage with the amount to be determined based on [Appellant]'s itemized bills already in [Progressive's] possession.
>
> [Appellant] is granted 20 days from the entry of this order on the docket to determine whether there are any other medical benefits outstanding for more than 30 days for which interest and attorneys' fees would be payable and to file such information with the court with a copy to [Progressive]. [Appellant] will also file with the [c]ourt a copy of [Appellant]'s counsel's itemized billing statements setting forth the dates on which work was performed, a description of the work performed, the amount of time expended for the work and the hourly rate for the work performed for each billable event. [Progressive] will have 15 days from the filing of [Appellant]'s statement to notify the [c]ourt whether it intends to pay all, part or none of the amounts claimed as due.
>
> In the event of any dispute, a hearing will be scheduled limited solely to the amount of disputed attorneys' fees.

Trial Court Order, 11/30/17, at para. 3.[2]

_____

<sup>1</sup> 29 U.S.C. §§ 2601, 2611-19.

<sup>2</sup> Item 1 of the order denied Progressive's motion for summary judgment. Item 2 granted Progressive's motion for declaratory judgment "with respect to the amounts [Progressive] has agreed to pay."

On December 26, 2017, [Appellant] filed a motion for reconsideration and/or clarification of the November 30, 2017 order. The [c]ourt denied this motion by an order dated March 19, 2018, and granted [Appellant] 15 days from the entry of the order on the docket to comply with the order of November 30, 2017. Progressive filed the current motion [for sanctions and motion for summary judgment/declaratory judgment] on May 29, 2018. [Appellant] alleged that, in response to the [c]ourt's March 19, 2018 order, by correspondence dated April 3, 2018, [Appellant] provided [a] notarized affidavit which related to the November 3, 2015, confirmation of coverage and which identified five dates on which attorney work was done on this issue: November 3 and 19, December 3, 11 and 21, 2015. Based on this affidavit and [Appellant]'s itemized billing statements, Progressive identified five items of legal work, totaling one hour of time, and agreed to pay for two: the November 3, 2015, letter requesting confirmation of coverage and a November 19, 2015, letter which, among other things reiterated that Progressive had yet to confirm coverage, totaling 0.4 hours. Progressive indicated that it confirmed coverage by a letter dated November 27, 2015[; therefore, it declined to pay for billing entries made on December 3, 11, and 21, 2015]. [Appellant contends that the entries Progressive refused to cover were related to confirmation of the **amount** of coverage and should have been included in the calculation of fees.]

Trial Court Opinion, 9/24/18, at 1-3 (footnotes in original).

By order entered on September 24, 2018, the trial court denied Progressive's motion for sanctions but granted its motion for declaratory judgment/summary judgment, "subject to [Appellant's] right to institute appropriate litigation in the event that [Appellant] can demonstrate the existence of any medical benefits, outstanding more than thirty days, for

which attorney's fees and interest could be collected." Trial Court Order, 9/24/18, at para. 2. Specifically, the trial court determined that Progressive was obligated to pay the additional attorney's fees detailed in billing statements entered on December 3, 11, and 21 2015. The court also held that Appellant was barred from asserting her entitlement to additional attorney's fees since she did not submit proof of further fees due and owing pursuant to the November 30, 2017 order. Accordingly, the court granted Progressive's motion for declaratory judgment and/or summary judgment and ordered it to pay Appellant $21,320.00 within 20 days. On October 10, 2018, Progressive tendered full payment to Appellant. This appeal followed.

Appellant presents the following issues on appeal:

1. Did the trial court commit an error of law when it interpreted 75 Pa.C.S. § 1716 by disregarding explicit language in the statute which requires a finding of "unreasonable" conduct on the part of the insurer as a pre-requisite to an award of attorney's fees?

2. Should a defendant be allowed to moot a live controversy under 75 Pa.C.S. § 1716 with an unaccepted offer of settlement?

3. Did the trial court commit an error of law in precluding Appellant from obtaining discovery relevant and necessary to sustain her burden of proving a required element of her cause of action, specifically the reasonableness of the defendant insurer's conduct under 75 Pa.C.S. § 1716?

4. Did the trial court commit an error of law when it limited Appellant's attorney's fees under 75 Pa.C.S. § 1716 to the time spent recovering only the interest on overdue benefits instead of the actual time expended in proving the defendant insurer acted in an unreasonable manner?

Appellant's Brief at 5.

Before we address Appellant's issues we must determine whether this Court has jurisdiction to entertain this appeal. On December 12, 2018, this Court issued an order directing Appellant to show cause, within ten days, why the appeal should not be quashed as taken from an interlocutory order. Appellant timely responded to our show cause order.

Generally, an appeal may be taken as of right from a final order. Pa.R.A.P 341(a). A final order disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). Notwithstanding this rule, an appeal may also be taken as of right from an order made final by statute, even though the order does not dispose of all claims and all parties. Pa.R.A.P. 311(a)(8). The Declaratory Judgments Act, 42 Pa.C.S.A. § 7532, provides that a declaration of rights, status, and other legal relations, whether affirmative or negative "have the full force and effect of a final judgment[.]"

It is unclear whether the order challenged on appeal disposed of all claims against all parties since the status of Appellant's case against the deceased driver of the vehicle is not immediately apparent. However, the order *sub judice* disposed of all claims against Progressive,[6] and therefore, is

---

[6] The order in question grants Progressive's motion "subject to [Appellant's] right to institute appropriate litigation in the event [Appellant] can demonstrate the existence of any additional medical benefits, outstanding more than thirty days, for which attorney's fees and interest could be collected." Trial Court Order, 9/24/2018, at para. 2. We do not find this language to indicate a lack of finality in the order. Appellant has had since June 2016 to provide proof of any outstanding bills for which interest and attorney's fees could be collected and has not done so. Moreover, the trial

a final order. *See Nationwide Mutual Insurance Company v. Wickett*, 763 A.2d 813 (Pa. 2000) (order granting declaratory relief and dismissing some but not all defendants is a final order). Thus, we turn to the merits of Appellant's issues.

First, we note that Appellant's second issue was not included in her concise statement, thus, it is waived. *See* Pa.R.A.P. 1925(b)(vii). Appellant's first and third issues relate to her contention that the trial court erred by determining the amount of attorney's fees to which Appellant is entitled under 75 Pa.C.S.A. § 1716 without first making an explicit finding that Progressive's refusal to pay benefits was unreasonable. Appellant contends that the declaration should not have been entered without such an explicit finding and that she was entitled to continue discovery as to the reasonableness of Progressive's actions. Progressive analogizes Appellant's position to a negligence action in which the tortfeasor agrees not to contest liability and proceed to damages and yet the plaintiff insists that a jury trial be held on liability. Progressive's Brief at 16. We agree with Progressive that this issue is moot.

"[T]he mootness doctrine requires an actual case or controversy to be extant at all stages of a proceeding[.]" *Pilchesky v. Lackawanna County*, 88 A.3d 954, 964 (Pa. 2014). An issue may become moot due to an

_____

court specifically stated that it was unlikely that Appellant could make such a demonstration or institute litigation aimed at such a recovery. Hence, the present litigation is terminated by the order challenged on appeal.

- 8 -

intervening change in the facts of the case. *Id.* Here, the reasonableness of Progressive's conduct under § 1716 was only an issue up to the point that Progressive agreed to provide all of the relief available under the statute.

In its entirety, 75 Pa.C.S.A. § 1716 provides,

[b]enefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. **In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due**, **the insurer shall pay**, **in addition to the benefits owed and the interest thereon**, **a reasonable attorney fee based upon actual time expended.**

75 Pa.C.S.A. § 1716 (emphasis added).

Appellant's complaint sought first-party benefits, interest on overdue benefits, and reasonable attorney's fees from Progressive. Appellant's Complaint, 4/18/13, at para. 51. Progressive paid the benefits together with interest at a rate of 12% on overdue benefits. Moreover, the trial court ordered Progressive to pay attorney's fees for time expended in seeking overdue benefits and interest thereon. Progressive has provided or been ordered to provide all of the relief available to Appellant under the law. Thus,

there is no longer a controversy regarding the reasonableness of Progressive's conduct.[7]  Appellant is not entitled to relief on these issues.

Appellant's final, and only, justiciable issue relates to the amount of attorney's fees to which she is entitled.  This presents a question of statutory interpretation, therefore, our standard of review is *de novo* and our scope of review is plenary.  ***Schappell v. Motorists Mut. Ins. Co.***, 934 A.2d 1184, 1187 (Pa. 2007).  Appellant contends that she is entitled to payment of all of her attorney's fees that relate to proving that Progressive's conduct was unreasonable.  Appellant argues that this includes fees incurred prior to notifying Progressive of her claim.  We find this position untenable.  Section 1716 expressly authorizes payment of attorney's fees when there has been an unreasonable delay in payment of benefits.  Progressive cannot be considered to have delayed payment of benefits before it received notice that benefits were due.  This is especially true where, as in the instant case, the claimant is not an insured of Progressive.  The trial court ordered Progressive to pay Appellant's attorney's fees from the date it received notice of her claim to the date it accepted the claim, as well as fees incurred after the claim was accepted, which related to payment of overdue benefits as well as interest thereon.  We perceive no error in this ruling.

---

[7] The issue of reasonableness and the discovery requested by Appellant is more relevant to Appellant's bad faith claim which is pending in federal court.

The trial court's determination is in line with our Supreme Court's holding in **Schappell, supra**. In that case, the plaintiff sought interest on overdue benefits as well as attorney's fees. The Court found that where the insurer unreasonably failed to make a timely payment, the plaintiff was entitled to "the attorney fees expended in seeking the interest." **Id.** at 1190. Under § 1716, a reasonable attorney's fee may be imposed if the insurer acts unreasonably in refusing to pay benefits when due (or interest on benefits that are past due). The provision does not authorize compensation for the time counsel expends in proving that an insurer acted unreasonably after benefits and interest have been paid. Appellant is not entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2019

- 11 -